```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
─────────────────────────────────

MICHAEL CARTER,

                      Plaintiff,

    -vs-                          **No. 6:15-CV-06670 (MAT)**
                                    **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                      Defendant.

─────────────────────────────────

## I.  Introduction

Represented by counsel, Michael Carter ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, plaintiff's motion is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## II.  Procedural History

The record reveals that in January 2012, plaintiff (d/o/b July 28, 1989) applied for SSI, alleging disability beginning September 1, 1997. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge Brian Kane

("the ALJ") on May 16, 2014. On June 11, 2014, the ALJ issued an unfavorable decision. The Appeals Council denied review of that decision and this timely action followed.

## III. Summary of the Evidence

The record, which is relatively sparse, includes treatment notes from plaintiff's treating psychiatrist, Dr. Prakash Reddy, treating therapist Denise Lampo, MSW, and treating therapist Kathleen Simpson. The record also contains records of a consulting examination performed by state agency psychologist Dr. Yu Ying Lin and opinions from state agency reviewing psychologist Dr. E. Kamin.

Plaintiff was referred to Catholic Family Center ("CFS") by New York's Consumer Directed Personal Assistance Program ("CD Program") for a determination of the appropriateness of outpatient treatment. He underwent an initial evaluation on February 3, 2012 with Ms. Lampo, at which he reported frequent mood swings, a history of attention deficit hyperactivity disorder ("ADHD"), cannabis dependency, and a fear of reporting his symptoms due to the stigma associated with mental health conditions. Plaintiff reported frequent hallucinations, including hearing voices and "jail bells" in his head. Ms. Lampo opined that he met the diagnostic criteria for bipolar disorder, not otherwise specified ("NOS") and possibly shizoaffective disorder. Ms. Lampo referred plaintiff to Dr. Reddy for psychiatric treatment and medication monitoring.

On initial mental status examination ("MSE") on February 23, 2012 with Dr. Reddy, plaintiff presented as "hypertalkative," reported visual and auditory hallucinations and paranoia, and demonstrated a depressed, irritable, and angry affect. T. 197. Dr. Reddy diagnosed him with bipolar disorder, NOS and prescribed plaintiff Seroquel (an antipsychotic often used to treat schizophrenia, bipolar disorder, and depression).

In March 2012, plaintiff reported to Dr. Reddy that Seroquel had "not been helping his mood swings and anger problems" and made him excessively sleepy. T. 205. Dr. Reddy discontinued Seroquel and prescribed Risperdal, another antipsychotic medication. In March 2012, plaintiff reported to his therapist Kathleen Simpson that his mother and sister both carried diagnoses of bipolar disorder. Ms. Simpson recorded that plaintiff had a depressive affect to a "notable" degree. T. 207. In April 2012, plaintiff reported no adverse side effects from his medications; Dr. Reddy increased his Risperdal dosage. A July 2012 treatment note signed by Ms. Simpson indicated that plaintiff's treatment plan was reviewed and goals included "focus[ing] thoughts on reality" and sustaining recovery from substance abuse. T. 200.

Plaintiff was referred by the CD Program to personalized recovery-oriented services ("PROS"), and on August 27, 2012, social worker Kelly Murrell evaluated him for this program. Plaintiff reported that he had not seen Dr. Reddy in several months and

therefore did not have medication. He also reported continued auditory hallucinations and depression. He was scheduled to attend orientation for a GED program, and Ms. Murrell noted that this would be his third attempt at a GED since dropping out of school in the ninth grade.

On April 26, 2012, Dr. Yu-Ying Lin completed a consulting psychiatric evaluation at the request of the state agency. Plaintiff reported completing the eighth grade in a special education program for learning disability and ADHD. Plaintiff reported both manic and depressive symptoms as well as continued visual and auditory hallucinations and paranoia. On MSE, plaintiff's "[m]anner of relating was poor"; motor behavior was lethargic; affect was dysphoric and mood dysthymic; he was "oriented to person, but not place and not date"; attention and concentration were "moderately impaired due to limited intellectual functioning and emotional distress [due] to current psychiatric disorder"; recent and remote memory skills were impaired; intellectual functioning appeared to be below average; and insight and judgment were poor. T. 158-60. Plaintiff reported that he did not perform any cooking, cleaning, or laundry because he made mistakes or did not know how; he did not shop because he made mistakes or "[got] into altercations with others"; he did not drive because he had no license; and he did not take public

transportation due to paranoia. He stated that his mother and girlfriend helped him as needed with daily activities. T. 160.

Dr. Lin diagnosed plaintiff with bipolar disorder with psychotic features and generalized anxiety disorder. In Dr. Lin's opinion, plaintiff could follow and understand simple directions and instructions, perform simple tasks with supervision, maintain a regular schedule, and learn new tasks. However, in Dr. Lin's opinion, plaintiff could not maintain concentration, perform complex tasks independently, make appropriate decisions, relate adequately with others, or appropriately deal with stress. According to Dr. Lin, these difficulties were "caused by psychotic symptoms and lack of motivation." Id.

Dr. Kamin reviewed plaintiff's medical record at the request of the state agency and completed a psychiatric review technique ("PRT") form and mental residual functional capacity ("RFC") assessment. According to Dr. Kamin, plaintiff was moderately limited in several areas involving understanding and memory, sustained concentration and persistence, social interaction, and adaptation. Dr. Kamin opined that plaintiff had overall mild restrictions in activities of daily living ("ADLs"); moderate restrictions in maintaining social functioning and maintaining concentration, persistence, or pace; and no repeated episodes of deterioration of extended duration.

**IV.  ALJ's Decision**

At step one of the five-step sequential evaluation, see 20 C.F.R. § 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his application date, January 11, 2012. At step two, the ALJ found that plaintiff suffered from the severe impairments of bipolar disorder and ADHD. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. In assessing plaintiff's mental limitations, the ALJ found that plaintiff had no limitations in ADLs; mild difficulties in social functioning; moderate difficulties in concentration, persistence, or pace; and no episodes of decompensation.

Before proceeding to step four, the ALJ determined that plaintiff retained the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: he was "limited to unskilled work at a specific vocational preparation [SVP] level of 3 or below." T. 23 (internal quotation marks omitted). At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy which plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

**V.   Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

**A.   RFC Finding**

Plaintiff argues that the ALJ's RFC finding is unsupported by substantial evidence, contending that the ALJ failed to properly weigh the psychiatric medical opinion evidence. Specifically, plaintiff argues that the ALJ failed to properly weigh Dr. Lin's consulting opinion, and failed to even consider Dr. Kemin's reviewing opinion. For the reasons that follow, the Court finds plaintiff's arguments persuasive.

**1.   Dr. Lin's Consulting Examining Opinion**

Dr. Lin's consulting examining opinion is the only assessment by an examining source regarding plaintiff's level of work-related psychiatric functioning. The ALJ gave little weight to Dr. Lin's opinion, however, because he found that it was "based on internal inconsistencies as well as inconsistencies with treatment notes from the treating sources that report orientation and attention

were fine." T. 24. As plaintiff points out, the ALJ failed to explain *how* Dr. Lin's opinion was internally inconsistent, and upon the Court's review the opinion itself suffers from no inherent inconsistency. Moreover, while it is true that the sparse psychological treatment notes from plaintiff's treating sources do not note difficulties with orientation upon MSE, this fact alone does not discredit Dr. Lin's qualified assessment that plaintiff suffered from orientation difficulties at the time she examined him.

The ALJ also failed to properly assess Dr. Lin's consulting examining opinion. Although the ALJ is not required to provide "the same 'good reasons' . . . for not crediting a consulting doctor with sufficient weight" as a treating physician, Trail ex rel. Trial v. Colvin, 2015 WL 224753, *9 (N.D.N.Y. Jan. 15, 2015), the ALJ is always required to provide reasons sufficient for a reviewing court to understand his rationale in weighing the opinion. See, e.g., Sickles v. Colvin, 2014 WL 795978, *12 (N.D.N.Y. Feb. 27, 2014) (citing Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983)). Moreover, the ALJ may not "substitute [his] own expertise or view for a competent medical opinion." Stokes, 2012 WL 695856, *12 (citing Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999)).

In this case, the ALJ improperly substituted his own lay judgment for the medical expertise of Drs. Lin and Kemin. As

plaintiff points out, this error is apparent from the decision because the ALJ fails to explain what medical evidence, if any, supported the specific functional limitations assigned by the ALJ in the RFC finding. Accordingly, the RFC finding is, as plaintiff argues, unsupported by substantial evidence and this case is therefore remanded for further proceedings consistent with this Decision and Order. See Cestare v. Colvin, 2016 WL 836082, *4 (W.D.N.Y. Mar. 4, 2016) (remanding where ALJ "did not adequately explain how the evidence of record supported her RFC findings"). On remand, the ALJ is directed to follow the applicable authority, see 20 C.F.R. § 416.927(f), SSR 96-6p, in assessing Dr. Lin's opinion and in reaching his RFC finding.

### 2. Dr. Kemin's Reviewing Opinion

The ALJ failed to even discuss Dr. Kemin's reviewing opinions contained within the PRT and mental RFC. The ALJ has a clear duty to discuss, and explicitly weigh, opinions of state agency consultants, whether they examined the plaintiff or reviewed the medical record. "Findings of fact made by State agency medical and psychological consultants . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources [and the ALJ] *may not ignore* these opinions and *must explain the weight* given to these opinions in their decisions." SSR 96-6p; see also Stokes v. Astrue, 2012 WL 695856, *12 (N.D.N.Y. Mar. 1, 2012) ("While the ALJ was not

required to afford controlling weight to [a reviewing psychologist's] opinion, the ALJ is not permitted to substitute her own expertise or view for a competent medical opinion."); Babcock v. Barnhart, 412 F. Supp. 2d 274, 281 (W.D.N.Y. 2006) (remanding where "the ALJ did not explain whether or how he considered certain medical source opinions").

Here, the ALJ's failure to discuss Dr. Kemin's opinion was not harmless error because Dr. Kemin assessed plaintiff with significantly more restrictive limitations than those reflected in the RFC; therefore, an explicit weighing of the opinion could have affected the outcome of plaintiff's disability determination. Cf. Lynch v. Astrue, 2008 WL 3413899, *5 (W.D.N.Y. Aug. 8, 2008) (finding that ALJ's failure to refer to treating physician's report was harmless error because consideration of the information contained in the reports would not have changed the outcome of the ALJ's determination). Accordingly, on remand, the ALJ is directed to discuss and explain the weight given to Dr. Kemin's opinion.

### B.  Vocational Expert Testimony

Plaintiff argues that the vocational expert's ("VE") testimony did not support the ALJ's step five finding. The ALJ asked the VE a hypothetical question based on an individual with the RFC found by the ALJ in his decision. The VE's testimony was therefore necessarily dependent on the RFC finding. Because the Court has found that the RFC finding was unsupported by substantial evidence,

the VE's testimony was likewise based on insufficient evidence. Accordingly, on remand, the ALJ is directed to obtain new VE testimony which considers the RFC found by the ALJ on remand.

**VII. Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 13) is denied and plaintiff's motion (Doc. 9) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   January 17, 2017
         Rochester, New York.